Scott, J.
If Marsh, the plaintiff, is entitled to hold all the surplus ground in square number 8, then the district court erred in reversing the judgment of the common pleas; but, if he *is not entitled to any of it, or only to a pro rata share of it, then the judgment of the district court must be affirmed; for it is not claimed that Stephenson, by the alleged act of trespass, appropriated more than a pro ruta share of the surplus. The testimony shows that Stephenson has only occupied to a line three hundred and seven feet three inches east of Cutter street, and that between-this line and John street, Marsh has in his possession one hundred and thirty-two feet nine inches. Is he entitled to more ? We have-no doubt either as to the law or equity of this case. Neither of the parties acquired a right superior to that of the other in respect to-this surplus, by their deeds, by the recorded plat referred to in their deeds, or by the description accompanying the return of theappraisement of the several lots, made by the sheriff and freeholders, prior to the sale.
In all these evidences of title they stand on an equal footing. The description in the appraisement gives to each of Stephenson’slots 9, 10, 11, 12, 13, and 14, a front of fifty feet on the north side of Clinton street, making in all a front of three hundred feet; and-also gives a definite location to these lots by a reference to a fixed monument, to wit, the northeast corner of Clinton and Cutter-streets.
The same description gives to Marsh’s lot number 15, a front of fifty feet, and to number 16 a front of seventy-nine feet eight inches on the north side of Clinton street, making an aggregate front of one hundred and twenty-nine feet eight inches, and gives *242 to the premises a definite location by bounding them on the east by John street, an equally fixed monument. The plat gives to each of Stephenson’s lots a width of fifty feet; and to Marsh’s lot 15, the same width of fifty feet; and to 16 a width of seventy-nine feet eight inches. The lots were all sold by numbers, at the same time, by inference to the plat; and, as would seem from the evidence of the sheriff, were each sold as being of the width indicated by the plat, more or less. The deeds, executed by the sheriff to the parties, are similar; they each describe the lots by numbers, and by reference to the same plat; they each assign to the several lots the width or front indicated by the plat, with the addition of the words “more or less.”
*The plat includes all the ground between Cutter and John streets, and there can be no doubt that it was all intended to be sold.
There were no stakes fixing the division lines of the lots, and the words “more or less ” in the deeds, together with the face of the plat, render it certain that the whole was intended to pass by the sale and conveyance. Under these circumstances, it would seem equitable that the surplus should be ratably apportioned between the grantees. And tó this effect are the authorities. Lincoln v. Edgecourt, 28 Maine, 279; Brown v. Cray, 3 Greenl. 129. If the quantity falls short, each grantee must sustain his portion of the loss. Wyatt v. Savage, 11 Maine, 431. The same principle has been, settled in Wolf v. Scarborough, 2 Ohio St. 363. And the manifest equity of the rule must command approbation.
But were it otherwise; if Stevenson takes nothing by his deed but the three hundred feet represented on the plat, the same rule must limit the plaintiff Marsh to one hundred and twenty-nine feet ■eight inches, for he stands on the same ground, and must be governed by the same plat. This would give the surplus to Betts, and would be equally fatal to the plaintiff’s claim.
We are unable to see, either in the trapezoidal form of lots 8 and 16, or in the numbering of the lots from west to east, any substantial reason for changing the equitable rule. The same rule of construction must be applied to the deeds of each party.
It is unnecessary, therefore, to inquire how far the claim of Stephenson was strengthened by the proceeding in ejectment.

Judgment of the district court affirmed.

Bartley, C. J., and Swan, Brinkerhoee, and Sutlife, JJ., concurred.